**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-5646**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY RAY GRAHAM,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Robert D. Potter, Senior
District Judge. (CR-89-135-P)

---

Submitted: July 25, 1996          Decided: August 14, 1996

---

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James Douglas Hill, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, David C. Keesler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Johnny Ray Graham appeals the district court's order revoking his term of supervised release and sentencing him to serve 14 months imprisonment. Graham admitted that he violated the conditions of his supervised release by using cocaine and marijuana and failing to make regular payments to the court to discharge his special assessment. Graham's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), suggesting that the district court abused its discretion in sentencing him at the high end of the 8-14 month revocation range. United States Sentencing Commission, Guidelines Manual, § 7B1.4(a), p.s. (Nov. 1994). Graham was notified of his right to file a supplemental brief but has not done so.

This court lacks jurisdiction to review a sentence which falls within a properly calculated guideline range. United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). We find that the range was properly calculated. Consequently, the district court's discretionary decision to sentence Graham at the top of the range is not reviewable.

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. The revocation order and sentence are therefore affirmed. Defense counsel's motion to withdraw is denied at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that

such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3